1    WO

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF ARIZONA**

8    United States of America,                    )
                                                   )
9                  Plaintiff,                      )
                                                   )
10   v.                                            )        CR 08-212 TUC DCB (BPV)
                                                   )
11   Richard Renzi, James Sandlin, Andrew Beardall,)        **O R D E R**
     and Dwayne Lequire,                           )
12                                                 )
                   Defendant,                      )
13   _____)

14          This matter having been referred to Magistrate Judge Bernardo P. Velasco, he issued an

15   Order on January 14, 2009, pursuant to  28 U.S.C. § 636(b)(1)(A).   (Order: document 258.)

16   Magistrate Judge Velasco denied in part and granted in part the Motion to Strike Surplusage in

17   the Indictment[1] filed by Defendant Renzi.  The Magistrate Judge struck some of the allegations

18   regarding legislative status as surplusage because he found the allegations do not change the

19   basic nature of the offense charged, are not necessary to prove the existence of any of the

20   charged counts, and are potentially prejudicial.  He struck all of the allegations related to civil

21   laws and internal rules of Congress, except one paragraph that summarizes the elements of the

22   "honest services" offense.

23          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59, the parties had ten days from

24   the filing date of the Magistrate Judge's Order to file written objections with this Court.  Failure

25   _____

26          [1]Subsequent to the filing of the Motion to Strike Surplusage, the Government filed a Superceding
     Indictment.  The Court refers to the paragraphs that are the subject of the motion to strike as they are
27   numbered in the Superceding Indictment.  The corresponding numbers are as follows: (Indictment ¶
     1, Superceding Indictment ¶ 1); (Indictment ¶ 6, Superceding Indictment ¶8); (Indictment ¶ 7,
28   Superceding Indictment ¶8);( Indictment ¶8, Superceding Indictment ¶10);( Indictment ¶11,
     Superceding Indictment ¶13); (Indictment ¶14, Superceding Indictment ¶16); (Indictment ¶15,
     Superceding Indictment ¶ 17); (Indictment ¶ 26(k), Superceding Indictment ¶ 28(k)).

to object waives a party's right to review. Fed. R. Crim. P. 59(a). The Court reviews *de novo* all questions presented by the parties in their objections. The Court may reconsider such matters where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Both Defendant Renzi and the Government filed Objections.

Defendant Renzi argues that Magistrate Judge Velasco committed error when he failed to strike the references to Congressman Renzi's legislative status in paragraphs 1 and 13. Defendant argues these references violate the Speech or Debate Clause and/or are irrelevant and prejudicial in the same way as the language struck by Magistrate Judge Velasco in paragraphs 17, 17 and 28(k). Defendant Renzi argues Magistrate Judge Velasco erred by failing to strike Paragraph 11 because it contains the Government's unsupported legal conclusions regarding the scope of duties allegedly owed under the honest services doctrine.

The Government argues that Magistrate Judge Velasco committed error by striking allegations in the Indictment that "are part of the government's proof at trial." (Government's Objection at 1.)

Surplusage Strikes

Paragraphs of the Indictment and Superceding Indictment at issue in Defendant Renzi's Motion to Strike and Magistrate Judge Velasco's strikes are as follows:

¶ **1**. RICHARD G. RENZI ("RENZI") was a Member of the United States House of Representatives as Representative for Arizona's First Congressional District. He was first elected in November 2002, and was reelected in 2004 and 2006. RENZI maintained congressional offices in both Washington, D.C., and in the District of Arizona. At all times relevant to this Indictment, RENZI was a member of the House of Representatives Natural Resources Committee. . . .

¶ **8**. ~~RENZI and other Members of the House of Representatives were required to take the following oath of office at the beginning of each new Congress: I, [Member's Name], do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.~~

¶ **9**. ~~In addition to the above oath, the Rules of the United States House of Representatives provided that:~~

~~a. a Member of the House of Representatives was prohibited from receiving outside compensation as a result of the improper exercise of influence from the Member's position in Congress; and~~

~~b. a Member was required to file truthful annual Financial Disclosure Statements with the Clerk of the House;~~

**¶ 10**. ~~RENZI also had a specific statutory duty each year, under Title I of the Ethics in Government Act of 1978, as amended (5 U.S.C. app. 4, § 101 et seq.) to file annual Financial Disclosure Statements.~~

**¶ 11**. Consistent with his oath of office and the duties of the office he held, Defendant RENZI owed the citizens of the United States and the United States House of Representatives a duty to perform the responsibilities of his office free from deceit, self-dealing, bias, and concealment.

**¶ 13**. The Secretary of the Interior has authority to approve certain land exchanges. Some land exchanges, such as those involving land in different states or land managed by different federal agencies, require legislative approval. In the United States House of Representatives, land exchanges fall under the jurisdiction of the Natural Resources Committee, of which RENZI was a member.

**¶ 16**. .... ~~The land exchange [proposed by Company A] would need legislative approval by Congress.~~ The Natural Resources Committee would need to approve the proposed legislation prior to a floor vote in the House of Representatives.

**¶ 17**. .... ~~As with Company A's proposal, Investment Group B's proposal would require legislative approval and undergo scrutiny by the Natural Resources Committee.~~
. . .

**¶ 28(k)**. During the April 16, 2005, meeting between RENZI and Investment Group B, RENZI insisted that Investment Group B purchase the Sandlin Property as part of its land exchange proposal ~~and told Investment Group B that it would receive a "free pass" through the House of Representatives Natural Resources Committee.~~

(Superceding Indictment).

Magistrate Judge Velasco correctly noted that an Indictment "must be a plain, concise, and definite written statement of the essential acts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Insofar as the language of an indictment goes beyond alleging elements of the crime that need not be proved, surplusage must not be allowed to prejudice a defendant. *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986). The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations

that are neither relevant nor material to the charges.  *United States v. Ramirez*, 710 F.2d 535, 545 (9th Cir. 1983).

The Magistrate Judge found that the Speech or Debate Clause does not require striking allegations regarding Defendant Renzi's legislative status (*see* Superceding Indictment at ¶¶ 1, 13, 16, 17, 28(k)), but strikes were warranted in respect paragraphs 16, 17 and 28(k) to the limited extent necessary to prevent unnecessary prejudice to the Defendant.  The allegations related to the civil laws and internal rules of the House of Representative that set out prophylactic ethical rules for Members of Congress, (*see* Superceding Indictment at ¶¶ 8-10), were stricken to prevent unfair prejudice and confusion.

The Court finds that Magistrate Judge Velasco's strikes in paragraphs 16 and 17 were required to prevent prejudice and because the sticken allegations are not essential acts necessary to prove the charges against Defendant Renzi.

The Government charged Defendant Renzi with violating 18 U.S.C. § 1346, which reaches schemes to defraud individuals of the intangible right to honest services of government officials.  For this reason alone it is necessary for the Government to allege Defendant Renzi's legislative status.  "It is well established that the Speech or Debate Clause does not prohibit proof of a defendant's status as a member of the United States Senate or House of Representatives."  *United States v. McDade*, 28 F.3d 283, 289 (3rd Cir. 1994).  Introducing legislative status does not violate the Speech or Debate Clause if it goes to the purpose or motivation for soliciting or making the bribe as compared to challenging the legislative act or the Congressman's motivation for the legislative act.  *Id.* at 289-90 (citing *United States v. Brewster*, 408 U.S. 501, 504-527 (1972); *United States v. Helstoski*, 576 F.2d 511 (3rd Cir. 1978), *aff'd*, 442 U.S. 477 (1979)).  The Magistrate Judge correctly held the allegations relating to legislative status do not violate the Speech or Debate Clause.

The Court affirms the Magistrate Judge's strikes in paragraphs 16 and 17.  The language he struck is surplusage.  The language not struck by Magistrate Judge Velasco is a sufficient statement of the essential acts constituting this aspect of the case.

As to paragraph 28(k), the Magistrate Judge erred in striking the allegation of the specific promise made by Defendant Renzi, which was that Investment Group B would receive a "free pass" through the House of Representatives Natural Resource Committee. This allegation goes directly to the proof of official action being promised and is neither irrelevant nor immaterial.  It also is an overt act alleged as one of the elements of the conspiracy count under 18 U.S.C. § 371.

The Court affirms the Magistrate Judge's decision to strike paragraphs eight through 10.  As the Magistrate Judge noted: "Though the Government may prove that Renzi took the oath of office as a Member of the House of Representatives, and that he had a statutory duty to file a Financial Disclosure statement under the Ethics in Government Act, establishing these facts are not necessary to prove the existence of a scheme to defraud and deprive the United States of its intangible right to honest services from Defendant Renzi."  (Order at 6.) This Court agrees that these allegations could easily confuse jurors and unnecessarily prejudice Defendant.

The Court affirms the Magistrate Judge's decision to not strike paragraph 11 in the Superceding Indictment, except that this Court strikes the word "bias."  With this one exception, paragraph 11 tracks the two "core categories" of official misconduct for honest services mail and wire fraud under 18 U.S.C § 1346: 1) taking a bribe or otherwise being paid for a decision while purporting to be exercising independent discretion and 2) nondisclosure of material information.  *United States v. Weyrauch*, 548 F.3d 1237, 1247 (9th Cir. 2008).

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record in respect to the parties' objections, the Magistrate Judge's Order (document 258) is accepted and adopted as the findings of fact and conclusions of law of this Court, with the exceptions noted below.

**IT IS FURTHER ORDERED** that the following be struck from the Superseding Indictment:

1     1.    The third sentence of ¶ 16: "The land exchange would need legislative

2               approval by Congress."

3     2.    The second sentence of ¶ 17: "As with Company A's proposal, Investment

4               Group B's proposal would require legislative approval and undergo scrutiny

5               by the Natural Resources Committee."

6     3.    Paragraphs Eight through Ten, in their entirety.

7     4.    Paragraph 28(k): the word "bias."

8     **IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge

9 Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in

10 accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of

11 Practice for the United States District Court, District of Arizona (Local Rules).

12     DATED this 9th day of April, 2009.

13

14

15

16                                David C. Bury

17                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28