WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| v. | ) CR 08-212 TUC DCB (BPV) |
| | ) **O R D E R** |
| Richard G. Renzi, James W. Sandlin, Andrew Beardall, Dwayne Lequire, | ) |
| Defendant, | ) |

This matter having been referred to Magistrate Judge Bernardo P. Velasco, he issued a Report and Recommendation (R&R) on September 16, 2009, pursuant to 28 U.S.C. § 636(b)(1)(A). (R&R: doc.458). Magistrate Judge Velasco recommends that the Court deny Defendant Renzi's Motion to Suppress the Title III Wiretap and Search Warrant (document 89) and Motion to Suppress [Other] Evidence Obtained in Violation of the Speech or Debate Clause (document 90).

Both motions rely on the same interpretation of the law presented by Renzi in his motions to dismiss the Second Superseding Indictment (SSI) for Speech or Debate Clause violations. This Court has already discussed the basic contours of the privilege in its Order addressing the motions to dismiss the SSI, which is being issued simultaneously with this Order. The Court incorporates that discussion here, and with very abbreviated further discussion and a full and independent review of the record and the Defendant's objections, the Magistrate

Judge's R&R is accepted and adopted as the findings of fact and conclusions of law of this Court.[1]

The Court acts pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), which provides that the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." If the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is made, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

Defendant Renzi argues that the Government interviewed his current and former congressional aides and secretly recorded phone calls between himself and Joanne Keene, his Legislative Director, and proponents of land exchange legislation. Both the interviews and phone calls involved discussions of privileged legislative acts, which the Government then relied on to get the Title III wiretap on the Patriot Insurance cell phone. The wiretap specifically authorized recording of conversations related to the legislation referenced in the affidavit, the land exchange legislation, to be fully monitored and reviewed. Subsequently, the Government used evidence obtained from the wiretap to obtain a search warrant of Patriot Insurance's offices. Defendant Renzi argues that because the wiretap and the search warrant were both obtained in violation of Speech or Debate Clause, and both seized information that was privileged under the Speech or Debate Clause, the evidence must be suppressed. For policy reasons, Renzi argues that the exclusionary rule applicable to violations of constitutional rights in other contexts should apply with equal force to these violations of the Speech or Debate Clause.

The motions to suppress are distinguishable from the motions to dismiss the SSI because they address the Speech or Debate Clause in the context of a criminal investigation by law

---

[1]Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the R & R.

enforcement. The motions to dismiss address whether the Government's prosecution of the case depends on evidence precluded by the Speech or Debate Clause privilege. This is important because the Speech or Debate Clause is aimed at preserving an independent legislature, free from possible *prosecution* by an unfriendly executive and conviction by a hostile judiciary, without creating a super-citizen, immune from criminal liability. It is especially important to the balancing of these interests that the privilege NOT be read so broadly as to strip the executive branch of its power to investigate and prosecute the judiciary for taking bribes or conducting other criminal affairs. *United States v. Johnson*, 383 U.S. 169, 180 (1966); *Brewster*, 408 U.S. at 525.

In large part, Renzi's motions fail because of his misguided premise that every communication regarding the land exchange proposals qualifies for protection under the Speech or Debate Clause because they are all acts of investigatory legislative fact-finding. This Court does not recognize taking a bribe, or criminal conduct as a legislative act nor will it consider a promise to perform an act in the future as a legislative act privileged under the Speech or Debate Clause. *See* (R&R at 3-9); (Government's Response to Renzi's Objections at 3-4) (citations omitted).

Specifically, Renzi argues that the wiretap violated the Speech or Debate Clause because it authorized interception of communications related to the legislation referenced in the affidavit to be fully monitored and reviewed. The Magistrate Judge correctly noted that the possibility of exposure to legislative acts was addressed by minimization procedures for conversations that did not relate to the investigation. The order was not overly broad, but contemplated communications expected to concern the specifics of the enumerated offenses, including: the scope of the illegal scheme being perpetrated by Renzi and Sandlin and others through the promise to introduce land exchange legislation in the past or in the future; the existence of business entities or accounts being used to facilitate the offense; the existence of records created in furtherance of the offense; the location of the sources of resources used to finance the offenses, and the nature and extent of the coverup. (R&R at 11-12 (citing Title III Order at 2)). The monitoring of conversations would be suspended if the conversation was not criminal in

nature or otherwise related to the offenses under investigation. *Id.* at 12. These minimization procedures precluded the gathering of legislative acts not related to the Sandlin land exchange legislation. Further procedures would have excluded evidence of promises of future legislative acts, criminal acts, or acts taken solely for personal aggrandizement.

The Court agrees with Magistrate Judge Velasco's rejection of specific evidentiary challenges made by Defendant Renzi. As to the Information obtained from Philip Aries, the Magistrate Judge found only one reference to a legislative act: Aries was told by Renzi that Renzi had spoken with Congressman Pombo, Chairman of the House Committee on Resources, and garnered Pombo's support for the Aries' land exchange proposal. (R&R at 12-13.) The affidavit also asserted that the land proposal was eventually sponsored by Renzi, without the Sandlin property. The Magistrate Judge considered two paragraphs of the Keene affidavit as identifying in part a document prepared by the land exchange proponent, Aries, as not referring to a legislative act, but he found the remainder referred to conversations with staffers. He found consensually recorded conversations between Keene and Renzi as being legislative acts. This Court agrees with the Magistrate Judge in the characterization of the affidavits, and that these references to legislative acts were of negligible significance in and immaterial to the determination of probable cause. Inclusion in the affidavit of this evidence does not warrant suppression of evidence obtained from the Title III wiretap. *Giordano v. United States*, 416 U.S. 505 (1974); *United States v. Ippolito*, 774 F.2d 1483, (9th Cir. 1985).

The Court rejects Defendant Renzi's argument that the search warrant improperly relied on evidence of privileged legislative acts: representations to prospective buyers that the Sandlin property had to be in a proposed land exchange package for him to back the package in Congress, and evidence of subsequent attempts to reinvigorate the land exchange. Because this evidence obtained by the wiretap did not violate the Speech or Debate Clause, the Court rejects Defendant Renzi's argument that the warrant to search his office violated the Speech or Debate Clause and any evidence resulting from the search of the Patriot Insurance offices must be excluded.

- 4 -

Magistrate Judge Velasco agreed with the Defendant that the Government recorded hundreds of phone calls between Renzi and other members of Congress and between Renzi and his aides that reflected legislative acts, which were not filtered out or withheld from the prosecution. The Magistrate Judge found these calls to be numerous and protected by the Speech or Debate Clause. (R&R at 16.) Nevertheless, he declined to apply the exclusionary rule to these violations because a blanket exclusion of all evidence, including evidence not protected by the Speech or Debate Clause would not have any deterrent effect. (R&R at 18-19). This Court adds such a rule would not only fail to deter, but it would upset the delicate balance struck by the Speech or Debate Clause.

For this reason, the Court rejects Defendant Renzi's advancement of the exclusionary rule as a remedy for Speech or Debate Clause violations at the investigatory stage of the case. Especially under the circumstances of this case, where the wiretap and search warrant were for the telephone and office of Patriot Insurance and not his congressional offices.

The Magistrate Judge recognized, as both parties did, that use of these common investigatory devices can result, and in this case did result, in Speech or Debate Clause violations. The question is the appropriate remedy. The Magistrate Judge declined to issue a blanket suppression of all evidence derived from these legitimate investigatory tools, (R&R at 21), and recommended a better approach would be for the Defendant to challenge the admissibility of evidence by motion *in limine* as the Government moves to introduce it. This Court agrees.

Defendant Renzi's privilege under the Speech or Debate Clause can be amply preserved by the preclusion at trial of evidence that violates the Clause. The Magistrate Judge recommended that this Court order the Government to disclose to the Defendant the following: 1) testimony it intends to elicit from the legislative aids Joanne Keene, Karen Lynch, James Jayne, Kevin Messner and Nicholas Strader; 2) documentary evidence obtained from these sources; 3) consensual recordings it expects to introduce between Renzi and Keene or the proponents of land exchanges; 4) records obtained through the use of pen registers, trap and trace devises, and 5) telephone toll records. Defendant may move *in limine* to exclude such

testimony or evidence, and the Court shall preclude any such evidence it determines is privileged under the Speech or Debate Clause.

**Accordingly,**

**IT IS ORDERED** that after a full and independent *de novo* review of the record related to the objections from Defendant Renzi, the Magistrate Judge's R&R (doc. 458) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Motion to Suppress the Title III wiretap and search warrant for Speech or Debate Clause violations (doc. 89) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Suppress other evidence obtained in violation of the Speech or Debate Clause (doc. 90) is DENIED.

**IT IS FURTHER ORDERED** that at the time set for filing motions *in limine* in this case, the Government shall make timely disclosure as directed above so that Defendant may move *in limine* to preclude evidence privileged under the Speech or Debate Clause.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 17th day of February, 2010.

David C. Bury
United States District Judge