WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|       Plaintiff, ) | CR 08-212 TUC DCB |
| v. ) | |
| Richard G. Renzi, James W. Sandlin, Anderw ) Beardall, Dwayne Lequire, ) | **Nunc pro tunc ORDER** |
|       Defendants. ) | |

The Court denies the Motion for Reconsideration of this Court's Order, issued on April 9, 2009, denying the Motion for a *Kastigar* Hearing and to Disqualify the Prosecution Team.

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e). *See In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 542 (9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). A motion to amend a judgment based on arguments that could have been raised, but were not raised, before judgment was entered may not properly be granted. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 at 127-28; *Demasse v. ITT Corporation*, 915 F. Supp. 1040, 1048 (Ariz. 1995) (a Rule 59(e) motion may not be used to raise arguments or present evidence that could have been raised or presented prior to judgment); *Williams v. Poulos*, 11 F.3d 271, 289 (1st Cir. 1993) (proper to deny Rule 59(e) request for relief not requested in amended complaint).

Specific grounds for a motion to amend or alter are not listed in the rule, but generally there are four basic grounds for a Rule 59(e) motion: 1) the movant may

demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct of counsel may justify relief under this theory, and 4) a motion may be justified by an intervening change in controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted).

Alternatively, a court can construe a motion to reconsider as a Rule 60 motion for relief from a judgment or order. Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Consequently, motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (1986). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through-- rightly or wrongly". *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *cf., Agric. Research & Tech. Group,* 916 F.2d at 542. Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *See Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Defendant argues that the Court should reconsider its Order because it failed to consider *Gravel v. United* States, 408 U.S. 606, 628-29 (1972). As *Gravel* cannot be considered a change in law, the motion to reconsider is appropriate only to correct a manifest error of law. Defendant argues that *Gravel* squarely held the Executive Branch is limited in

2

its investigation of criminal conduct under the Speech or Debate Clause. Therefore, the Court erred when it distinguished Speech or Debate Clause protections between investigatory and use violations. Defendant challenges this Court's conclusion that "there is no Supreme Court precedent to suggest the Speech or Debate Clause applies to limit the Executive Branch's power to investigate criminal conduct." (Motion to Reconsider at 3 (citing *Kastigar* Order at 5)).

While Defendant did not argue *Gravel* in the objection to the Report and Recommendation, it was cited in the *Kastigar* motion before the Magistrate Judge. The Court did consider *Gravel,* as well as the many other cases involving Speech or Debate clause issues arising within the context of motions to quash grand jury subpoenas.

"In *Gravel*, the Supreme Court held that the government could not compel a legislative aide to testify about a senator's conduct at a subcommittee hearing even though the government sought the testimony during its investigation of possible criminal conduct." (Motion to Reconsider at 4.) *Gravel* involved a motion filed by Senator Gravel to quash a subpoena issued to compel grand jury testimony from his assistant.

Senator Gravel, as Chairman of a Subcommittee of the Senate Public Works Committee, convened a meeting of the subcommittee and there read extensively from a copy of the Pentagon Papers and placed the entire 47 volumes of the study in the public record. His aid had assisted Gravel in preparing for and conducting the hearing. Additionally, Senator Gravel arranged for the papers to be published by Beacon Press. *Gravel*, 408 U.S. at 609-610.

The Supreme Court held that an aid to a Member of Congress shares the Member's constitutional privilege and proceeded to discuss to what extent Senator Gravel himself was exempt from process or inquiry by a grand jury investigating the commission of a crime. *Id.* at 613. Finding it incontrovertible, the Court agreed with the Senator that at the very least he was protected from criminal or civil liability and from questioning elsewhere than in the

3

Senate, with respect to the events occurring at the subcommittee hearing at which the Pentagon Papers were introduced into the public record." *Id.* at 616. The Speech or Debate Clause was designed to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch. It thus protects Members against prosecutions that directly impinge upon or threaten the legislative process. We have no doubt that Senator Gravel may not be made to answer-either in terms of questions or in terms of defending himself from prosecution-for the events that occurred at the subcommittee meeting." *Id.*

At the pages relied on by the Defendant, the Court addressed whether the protective order entered by the Court of Appeals was an appropriate regulation of the pending grand jury proceedings. The Court focused on the injunction against interrogating the Senator's aid with respect to any act, 'in the broadest sense,' performed by him within the scope of his employment. The Court held this overly restricted the scope of grand jury inquiry. *Id.* at 628. The Court explained that immunity, testimonial or otherwise, extends only to legislative acts. "The grand jury, therefore, if relevant to its investigation into the possible violations of the criminal law, and absent Fifth Amendment objections, may require [] answers to questions relating to [] the Senator's arrangements, if any, with respect to republication or with respect to third-party conduct under valid investigation by the grand jury, as long as the questions do not implicate legislative action of the Senator." *Id.* at 628. "Neither do we perceive any constitutional or other privilege that shields Rodberg, any more than any other witness, from grand jury questions relevant to tracing the source of obviously highly classified documents that came into the Senator's possession and are the basic subject matter of inquiry in this case, as long as no legislative act is implicated by the questions." *Id.*

In a footnote, the Court noted that as to questioning third-parties about legislative acts of Members of Congress, it was quite sure that the District Court had ample power to keep the grand jury proceedings within proper bounds and to foreclose improvident

4

harassment and fishing expeditions into the affairs of a a Member of Congress that are not the proper concern of the grand jury or the Executive Barnch. *Id.,* n. 18.

To say that the Supreme Court "squarely held" in *Gravel* that the Executive Branch is limited in its investigation of criminal conduct under the Speech or Debate Clause is to confuse the role and function of the grand jury with the role and function of the Government's prosecutor. A grand jury investigation is not an investigation by the Executive Branch. In spite of constant criticism that the modern grand jury is no more than a "rubber stamp" for the prosecutor, *United States v. Navarro-Vargas*, 408 F.3d 1184, 1195 (9th Cir. 2005), "the Supreme Court has steadfastly insisted that the grand jury remains a shield against unfounded prosecution," *id.* at 1196. The federal grand jury is a constitutional fixture in its own right, independent of the Executive, which may, with the aid of judicial process, call witnesses and demand evidence without the Executive's impetus. *Nixon v. Sirica*, 487 F.2d 700, 712- 715 (D.C. Cir. 1973). "The grand jury, while maintaining independence in many areas, is fundamentally an arm of the judiciary." *In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 31 (2nd Cir. 1981).

The grand jury serves as a buffer between the Government and the people to protect against unfounded criminal prosecution. *See Navarro-Vargas*, 408 F.3d at 1190-1199 (discussing the historical role of the grand jury and its constitutional underpinnings). The purpose of a grand jury is to determine whether there is sufficient evidence to justify a formal accusation against a person. *Id.* at 1187. A grand jury investigation is made within this context and is, therefore, distinguishable for Speech or Debate Clause purposes from an investigation by the Executive Branch into criminal activity. The former is the type of investigation discussed in *Gravel*, wherein prosecutorial use of such evidence is prohibited by the Speech or Debate Clause. It remains this Court's opinion that the Speech or Debate Clause does not apply to the latter.

//

The Court finds no manifest error of law in its Order issued on April 9, 2009, denying the Motion for a *Kastigar* Hearing and to Disqualify the Prosecution Team.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (document 326) is DENIED.

DATED nunc pro tunc February 18, 2010.

David C. Bury
United States District Judge