|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | IN THE UNITED STATES DISTRICT COURT | |
| 7 | FOR THE DISTRICT OF ARIZONA | |
| 8 | | |

```
 9  UNITED STATES OF AMERICA,        )
                                     )   NO.   CR 08-00212-TUC-DCB (BPV)
10         Plaintiff,                )
                                     )
11     vs.                           )   REPORT AND RECOMMENDATION
                                     )
12  RICHARD RENZI, JAMES SANDLIN,)
    ANDREW BEARDALL, and DWAYNE)
13  LEQUIRE                          )
                                     )
14         Defendants.               )
    _____)
15
```

16       Presently pending before this Court are Defendant Renzi's motions to dismiss the
17 insurance document counts (Doc. Nos. 100, 265) and Defendant Beardall's motions to
18 dismiss (Doc. Nos. 112, 270).

19       On October 15, 2008, Defendants Renzi and Beardall filed motions to dismiss the
20 insurance documents counts. (Doc. No. 100 - Renzi; Doc. No. 112 - Beardall.) The
21 Government filed a response to Renzi's motion, (Doc. No. 138), and a separate response to
22 Beardall's motion, (Doc. No. 146). Reply memorandums were filed by Renzi, (Doc. No.
23 169), and by Beardall (Doc. No. 176).

24       The Magistrate Judge heard argument on the motions on December 5, 2007, and took
25 the matter under advisement.

26       A superseding indictment was filed on November 13, 2008, and new motions to
27 dismiss the insurance counts were filed by Defendants Renzi, (Doc. No. 265), and Beardall,
28 (Doc. No. 270). The Government filed responses ( Doc. Nos. 284, 285, respectively), and

replies were filed by Renzi, (Doc. No. 292), and Beardall, (Doc. No. 286).

These matters came on for oral argument before the Magistrate Judge on April 30, 2009. The Court requested supplemental briefing from the parties addressing *United States v. Goff*, 598 F.Supp. 2d 1237 (M.D. Ala 2009). Thereafter, the parties submitted post-hearing briefs addressing *Goff*. (Renzi - Doc. No. 359, Beardall - Doc. No. 357, and the Government - Doc. No. 360.)

On September 22, 2009, the Government filed a second superseding indictment ("SSI") against Renzi, Sandlin, Beardall and Lequire. All parties were directed to file supplemental briefing addressing the relevancy, if any, that the filing of the second superseding indictment had on any matter under advisement before the Magistrate Judge. (Doc. No. 479) The Court received supplemental briefing from Defendants Renzi and Beardall, and the Government, regarding the impact of the second superseding indictment on the motions to dismiss. (Doc. Nos. 513, 531 and 511, respectively.)

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Court enter an order GRANTING IN PART and DENYING IN PART the motions to dismiss (Doc. Nos. 100, 112, 265, 270).

**I.     BACKGROUND**

    A.     <u>Procedural</u>

The procedural background of this case has been throughly summarized in this Court's order addressing the issue of severance. (*See* Doc. No. 557). The memorandum and briefs relevant to this hearing are found in Defendant Renzi's Document Numbers 100, 169, 265, 292, 359, and 513, Defendant Beardall's Document Numbers 112, 176, 270, 286, 357, 465, and 531, and in the Government's Document Numbers 138, 146, 219, 284, 285, 360, and 511.

Counts 28, and 33 through 35 of the SSI, charge <u>Renzi and Beardall</u> with false statements to influence insurance regulatory investigations (Counts 33 through 35) and conspiracy to commit insurance fraud (Count 28). These counts arise from the Government's allegations that Renzi and Beardall conspired to embezzle and misappropriate client premium

funds received by Renzi and Company insurance agency and brokerage firm to fund Renzi's congressional campaign, and conspired to conceal the misappropriation of those funds, and for making false statements to insurance regulatory agencies. (SSI ¶ ¶ 54-55, 64, 66, 68.)

    B.    <u>Motions and Supplemental Briefing</u>

        **1.**    **Renzi (Doc. Nos. 100, 265, 513)**

Renzi moved to dismiss Counts 33 through 35[1] for failure to "allege that a false document was 'presented to' an insurance regulator and because it does not allege that the supposed false statement was in connection with any financial report or financial document" as required under 18 U.S.C. § 1033(a). (Doc. No. 100.) Additionally, Counts 34 and 35 fail to allege that the "supposed false statements were connected to any financial report or financial document." (*Id.*)

Following the filing of the superseding indictment, Renzi moved to dismiss on the same grounds, noting that, despite the Government's attempt to correct the flaws in the challenged counts, the Government did not change its basic legal theories, which are fatally flawed because, 1) as a matter of law, Section 1033(a) does not reach false statements unless they are made in connection with financial reports or financial documents and the Government conceded that Counts 39-41 do not involve financial reports or financial documents; and 2) as a matter of law, Section 1033(a) is limited to false statements that are presented to regulators for the purpose of influencing regulators' actions and the false statement alleged in Count 39 was not alleged to have been presented to a regulator.

Renzi now asserts in his supplemental briefing that other than adding new counts involving Spirit Mountain Insurance Company (not at issue in this motion) the basic structure of the SSI remains the same and has no impact on any of the motions pending before the

---

[1] Counts 28, and 33 through 35 in the original indictment became Counts 28 and 39 through 41 in the superseding indictment, then reverted to the original numbering in the SSI, Counts 28, and 33 through 35. To maintain consistency this Court will refer to the Counts as alleged in the SSI even when a memorandum references the Counts as they are numbered in the superseding indictment.

Court. (Doc. No. 513.) Renzi argues that the SSI makes no attempt to cure any of the pleading deficiencies asserted in his motions to dismiss pending before the Court. (*Id.*)

### 2. Beardall (Doc. No. 112, 270, 531)

Beardall moved to dismiss Counts 28, and 33 through 35, asserting that dismissal was warranted because the indictment failed to allege essential elements of the charged violations and because the attorney-client privilege held by Renzi obstructs Beardall's constitutional right to present a defense. (Doc. No. 112.)

Beardall incorporated all of the arguments made in his first motion to dismiss the insurance counts in his motion to dismiss the insurance counts in the superseding indictment. (Doc. No. 270.) He now argues that the newly added paragraphs in the SSI, ¶ 60(l) and (o), further show that the counts against Beardall must be dismissed (or Beardall and his counts severed) in order to protect Beardall's Sixth Amendment right to present a full defense. (Doc. No. 531)

### 3. Government's Response (Doc. Nos. 138, 146, 219, 284, 285, and 513)

The Government argued that the motions to dismiss should be denied because the statute does not require the defendant to present the documents to insurance regulators, only that the false statement is made "in connection" with documents presented to insurance regulators. (Doc. No. 146) The Government asserts that the indictment sets out facts which meet each element of the crime, namely a false statement in a document presented to insurance regulators in order to influence official action, and provides adequate notice to the defendants under Fed.R.Crim.P. 7(b). (*Id.*) The Government also argued that any question as to whether the documents are indeed "financial" is a question for the jury to decide after considering the evidence and cannot form the basis for dismissal at this stage. (*Id.*)

As to Beardall's claim based on attorney-client privilege, the Government submitted that defendant's claim of privilege should be raised *in camera* with the Court to determine whether or not the material or testimony proffered by Beardall is in fact protected by the privilege, whether the privilege is waived through the crime-fraud exception or whether the

introduction of privileged material sufficiently prejudices the privilege-holder to merit severance. (*Id.*)

## II. DISCUSSION

### A. Motion to Dismiss

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The sufficiency of the indictment on a motion to dismiss is tested by its allegations, not facts to be shown at trial. *Las Vegas Merchant Plumbers Ass'n v. United States*, 210 F.2d 732, 741 (9th Cir. 1954). The allegations, for purposes of considering the motion, must be taken as true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). The Supreme Court has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Chenaur*, 552 F.2d 294, 301 (9th Cir. 1977) (*citing Hamling v. United States*, 418 U.S. 87, 117-18 (1973)). While an indictment need not recite exact statutory language, *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004), the statutory language "may be used in the general description of the offense, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.*

"In the Ninth Circuit, '[t]he use of a "bare bones' information - that is one employing the statutory language alone - is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.'" *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (quoting *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987). The Ninth Circuit has held that "the test of the sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

A complete failure to recite an essential element of the charged offense is not a minor

or technical flaw, but is fatal to the indictment, and requires dismissal. *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005)(quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). The fact that an indictment that fails to contain additional information beyond the essential elements, however, does not constitute a fatal defect. *United States v. Godinez-Rabadan*, 289 F.3d 630, 634 (9th Cir. 2002).

B. Elements Of The Offense

Defendants assert that the insurance document counts in the SSI (Counts 28, and 33 through 35),[2] fail to allege a violation of 18 U.S.C. § 1033(a)(1). This statute prohibits making false material statements or reports "in connection with any financial reports or documents presented to any insurance regulatory official or agency..." Section 1033(a)(1)(B) requires that these statements be "for the purpose of influencing the actions" of the regulatory official or agency.

Defendants rely solely on the statutory language to support their motions to dismiss. They do not argue that any additional elements of the offense are required under any existing case law. Specifically, Defendants Renzi and Beardall argue that Count 33 does not satisfy the presentment requirement of the statute, and that the alleged false statements in Counts 33 through 35 were not made in connection with "financial reports or documents." Defendant Beardall asserts the latter flaw in regards to Count 28.

**1. Presentment**

Count 33 of the SSI alleges that Renzi and Beardall

...made materially false statements and reports, in connection with financial reports and documents presented to any insurance regulatory official or agency ... that is, following the submission of complaints of withheld premiums by NIF to state insurance regulators, including the Texas Department of Insurance, RENZI and BEARDALL arranged for a mail-merged letter to be sent by United States mail to a Texas insured and others noting the existence of an insurance investigation and falsely claiming that the insured's liability coverage with Safeco (through NIF) had been moved to "companies that will better represent your needs."

(SSI ¶ 64.)

---

[2] Defendant Beardall, but not Defendant Renzi, asserts that Count 28, conspiracy to commit insurance fraud, should be dismissed.

Defendants assert that the false statement was not "presented to" an insurance regulator; neither was it made "in connection with" a financial report or document that was "presented to" an insurance regulator. The Government asserts that "[w]hile the statute requires the government to prove that the false statements were related to financial reports or documents which were "presented" to insurance regulators, it is unambiguous that it need not be the defendant himself who presented these documents to regulators, only that such documents were presented to regulators and that the false statement[s] were made "in connection" with such documents." (Doc. No. 146, p.2.)

The Government argues that Count 33, which incorporates ¶ 60 in Count 28, the conspiracy count, alleges all elements of the statute, specifically as follows: 1) a <u>false statement</u> (the mail-merged letter sent to a Texas insured *by Defendants* falsely claiming that the insured's liability coverage with Safeco (through NIF) had been moved to another company); 2) <u>made in connection with a financial report or document</u>; (the complaints of withheld premiums made *by NIF*); 3) <u>presented to an insurance regulator</u> (submission of the complaints of withheld premiums *by NIF to state insurance regulators*).

The Government argues that whether the false statements are made "in connection" with documents submitted by the defendant himself or in connection with documents submitted by other individuals, the resulting deception is equally damaging to the efficient regulation of the insurance industry. The Government further asserts that "calming potentially irate customers is surely one method of 'influencing the actions' of regulators."

The Court rejects such a broad interpretation of the statute. The Government pointed out that it was "worth noting" that the Judiciary Committee's report prepared in connection with this statute states that insurance fraud is a serious problem which causes significant damage to the financial services market and that it must be addressed by the federal government before it results in a "financial crises" that could "destroy [] [this country] from within." (Doc. No. 284, p.3, n.2)(citing HOUSE COMM. ON THE JUDICIARY, REPORT ON INSURANCE FRAUD PROTECTION ACT OF 1994, H.R. Rep. No. 103-468 (1994)). The Judiciary Committee's report additionally describes the summary and purpose of establishing

the Insurance Fraud Prevent Act as establishing "Federal criminal and civil penalties for fraud against insurance companies doing business in interstate commerce" and describes Section 1033 as criminalizing the filing of "a false statement or report *with an insurance regulator*." H.R. Rep. No. 103-468 (1994). As Defendant Renzi asserts, it is undisputed that, as to Count 33, the Defendants did not present anything to insurance regulators; rather they are alleged only to have made allegedly false statements to insurance customers. The Government's argument, that defendants attempted to influence "irate customers" in order to "influence the actions" of insurance regulators, *see* 18 U.S.C. § 1033 (a)(1)(B), while arguably true, is too attenuated from the purpose and scope of the statute, absent any precedential authority to the contrary, to provide for prosecution under this statute. Furthermore, even if the Court adopted the Government's expansive interpretation of the statute, the indictment does not allege that the mail-merged letter was delivered to Texas insured with the intent to influence an insurance regulator or official.

The Magistrate Judge finds that Count 33 fails to allege the essential elements necessary to establish a violation under 18 U.S.C. § 1033(a), specifically, the indictment fails to allege that the false statement was presented to an insurance regulatory official or agency. Additionally, should the District Court find the indictment does sufficiently allege false statement in connection with a document presented to an insurance regulatory official or agency, the indictment fails to allege that the mail-merged letter sent to Texas insureds was sent for the purpose of influencing the actions of the official or agency. **Accordingly, the Magistrate Judge recommends that the District Court GRANT the motion to dismiss Count 33 of the SSI.**

### 2. Financial reports or documents

The second contention Defendants raise is that the false statements alleged in Counts 33 through 35, the mail-merged letter to the Texas insureds, a letter to the Virginia Bureau of Insurance, and a letter to the Florida Department of Insurance, are neither financial reports or financial documents.

Section 1033(a) prohibits false statements made "in connection with any financial

reports or documents" presented to insurance regulators. Defendants submit that, as a matter of law, Section 1033(a) does not reach false statements unless they are made in connection with *financial* reports or *financial* documents. Defendants argue that the most natural reading of the statute is to find that "financial" modifies both "reports" and "documents." Defendants also submit that the statutory structure and legislative history further demonstrates that Congress intended to enact a targeted federal prohibition that reached only false statements connected with *financial* matters. While the Court is only aware of one district court case that has been decided on this point, this Court finds Defendants arguments persuasive: the word "financial" must be read to modify both "reports and documents." *See United States v. Segal*, 2004 WL 2931331, *4, n.10 (N.D. Ill. December 13, 2004) ("[T]he term 'financial' modifieds both reports and documents.")(citing *Home Life Ins. Co. v. Dunn*, 86 U.S. 214, 224 (1873)).

Defendants argue that, as a matter of law, it is clear that the false statements alleged in Counts 39 through 41 were not made in connection with any financial reports or financial documents. This issue, however, is more properly put to the jury. As the court in *Segal* noted:

> A reasonable jury could rationally conclude that [license renewal] applications were financial reports or documents. Given the breadth of this statute – it applies to "any financial report or document presented to any insurance regulatory official or agency" – it would be premature for this Court to dismiss these counts without affording the Government the opportunity to prove that Defendants made a false statement in connection with a financial report or document that was presented to an insurance regulator. The indictment only needs to allege all the statutory elements; it does not need to allege all the facts that the Government intends to rely on at trial.

*United States v. Segal*, 299 F.Supp.2d 840 (N.D. Ill. January 12, 2004) (citations omitted). A similar finding was made in another district court case, *United States v. Goff*, 598 F.Supp.2d 1237 (M.D. Ala. 2009). In *Goff*, the issue before the court was the scope of § 1033(a)'s reference to "financial reports or documents." *Id*. at 1238. Goff made allegedly false statements in an insurance-license application concerning legal matters, including whether any demands or judgments had been made against him. *Id*. The court found that these legal matters and the corresponding allegedly false statements had important financial

implications, including whether the applicant or the applicant's business owed money to other entities, and that this information could have been crucial to the state's determination of the financial health of Goff's company. *Id*. The court found the effort to conceal the existence of significant financial claims against Goff's company could certainly affect a state insurance regulators financial evaluation of the propriety of a renewed license, and held that "[w]hen false statements in a document are so connected to the potential financial health and viability of a business, they surely fall within the scope of § 1033(a), which was Congress's attempt to ensure that information provided to state regulators painted an accurate picture of aperson's financial situation." *Id*. (citing 139 Cong.Rec. E209-04, E210 (Statement of Rep. Dingell) ("States apparently are not collecting adequate information, investigating wrongdoing, or taking legal action against the perpetrators of insurance insolvency.")). Representative Dingell further explained the purpose of the Insurance Fraud Prenvention Act as allowing prosecution if a person "makes false entries or statements *regarding the financial condition of an insurance company* with the intent to deceive any individual or regulator regarding the financial condition or solvency of that company..." 139 Cong. Rec. E209-04, E209 (Statement of Rep. Dingell)(emphasis added). .

This Court finds the reasoning of *Goff* persuasive, and on point with the facts of this case, and in alignment with the stated purpose of the statute. The letters by Renzi and Beardall allegedly provided false financial information to the insurance regulators in direct response to the submission of complaints of withheld premiums by NIF to state insurance regulators. As the Government states, in the context of regulatory investigations into a fiscal issue, that is the non-payment of premiums, these documents are definitively financial in nature. Correspondence with respect to Defendant Renzi's embezzlement of insurance premiums and the misstatements by Defendant Beardall and Renzi of both the financial position of the company and the safety and security of the insureds fits within Congress' broad intent to protect against "insurance involvency."

The Magistrate Judge finds that the false statements alleged in Counts 28, and 33 through 35, adequately allege that a false statement was made in connection with financial

| | |
|---|---|
| 1 | reports or documents. For reasons previously discussed, the Magistrate Judge finds that Count 33 does not satisfy the presentment requirements of § 1033(a)(1)(A). **Accordingly, the Magistrate Judge recommends that the District Court DENY Defendants' motion to dismiss Counts 28, and Counts 34 through 35 of the SSI.** |

reports or documents. For reasons previously discussed, the Magistrate Judge finds that Count 33 does not satisfy the presentment requirements of § 1033(a)(1)(A). **Accordingly, the Magistrate Judge recommends that the District Court DENY Defendants' motion to dismiss Counts 28, and Counts 34 through 35 of the SSI.**

### 3. Attorney-client privilege

Beardall's motion to dismiss Counts 28, and 33 through 35 of the SSI because the attorney-client privilege held by Defendant Renzi obstructs Beardall's constitutional right to present a defense has been considered by the Court in the context of the numerous severance motions before the court and ruled on in the District Court's February 18, 2010 order found in this Court's Docket number 575. **Accordingly, the Magistrate Judge recommends that the District Court DENY the motion on the grounds of attorney-client privilege as MOOT.**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**III. RECOMMENDATION**

Accordingly, the Magistrate Judge recommends that the District Judge enter an order **GRANTING IN PART AND DENYING PART** Defendant Renzi's and Beardall's motions to dismiss the insurance document counts in the SSI (Doc. Nos. 100, 112, 265, 270).

The Magistrate Judge recommends, for the reasons stated above, that Defendant Renzi and Beardall's motion to dismiss Count 33 of the SSI be **GRANTED**.

The Magistrate Judge further recommends that Defendant Renzi and Beardall's motion to dismiss Count 28, and Counts 34 through 35 be **DENIED**.

The Magistrate Judge further recommends that Defendant Beardall's motion to dismiss on the grounds of attorney-client privilege be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **Any objections filed should be filed as CR 08-00212-TUC-DCB.**

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 13th day of April, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge