IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 08-00212-TUC-DCB (BPV) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| RICHARD RENZI, JAMES SANDLIN, ANDREW BEARDALL, and DWAYNE LEQUIRE | |
| Defendants. | |

Presently pending before the Court is Defendant Beardall's motion incorporating the portion of Defendant Renzi's motion (Doc. No. 88) pertaining to the suppression of unlawfully obtained wiretap evidence and for a *Franks* hearing. (Doc. No. 114.) The Government filed a timely response (Doc. No. 132). No reply memorandum was filed by Beardall. Both motions came on for Oral Argument before the Court on December 5, 2008. (Tr. 12/05/08, at 70.) At that time, Defendant Beardall requested to join Defendant Renzi's motion in its entirety. (*Id*. at 91.)

The Court, having considered the briefing, arguments, and evidence presented, recommends that the motions to suppress and for a *Franks* hearing be **DENIED** for the reasons discussed below.

**I.  DISCUSSION**

Defendant Beardall joins in Defendant Renzi's request for a suppression hearing and suppression of evidence seized from the Title III wiretaps and search of Renzi's family business because the affidavits supporting the Title III wiretap and search warrant application

contain false and misleading statements as well as omissions of fact, without which the affidavits would have been insufficient to support a finding of probable cause.

Although the Government did not raise the issue of expectation of privacy during the course of the hearing on the motions to suppress, it is Defendant Beardall who "bears the burden of proving not only that the search ... was illegal, but also that he had a legitimate expectation of privacy in [the area searched]." *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). *See also Rakas v. Illinois*, 439 U.S. 128, 131 n. 1 (1978); *Simmons v. United States*, 390 U.S. 377, 389-90 (1968); *United States v. Nadler*, 698 F.2d 995, 998 (9th Cir. 1983) Furthermore, federal courts are required *sua sponte* to examine jurisdictional issues such as standing. *See B.C. v. Plumas Unified School Dist*. 192 F.3d 1260, 1264 (9th Cir. 1999).

A. <u>Wiretap</u>

For the purposes of challenging wiretaps, Congress has provided only that an 'aggrieved person' may move to suppress the contents of a wire or oral communication intercepted in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. s 2518(10)(a). The statute defines an aggrieved person as one "who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11) (emphasis added). The Supreme Court has interpreted these provisions as limiting standing to challenge wiretaps to persons whose Fourth Amendment rights were violated by the interception. *Alderman v. United States*, 394 U.S. 165, 175-76, n. 9 (1969); *see also United States v. King*, 478 F.2d 494, 506 (9th Cir.1973)("Both the language of the statute and its legislative history make it clear that it does not broaden the rule of standing provided for in Rule 41(e), F.R.Crim.P., relating to Fourth Amendment motions to suppress.") "Thus, a defendant may move to suppress the fruits of a wire-tap only if his privacy was actually invaded; that is, if he was a participant in an intercepted conversation, or if such conversation occurred on his premises." *King*, 478 F.2d at 506 (citing *Alderman*, 394 U.S. at 176.).

The Magistrate Judge finds that there is no evidence before the Court demonstrating that Defendant Beardall was a party to any intercepted wire, oral, or electronic

communication or was identified as a person against whom the interception was directed.

The wiretap was directed at a telephone subscribed to by Patriot Insurance Company, a Renzi-owned business, and was the personal cellular telephone for Defendant Renzi. The District Court found probably cause to believe that Defendants Renzi and Sandlin had committed, were committing, and would continue to commit criminal violations. Defendant Beardall was not a target of the wiretap, nor has it been alleged that any calls in he was a party to any intercepted wire communication.

Accordingly, Defendant Beardall has no standing to challenge any evidence obtained pursuant to the Title III wiretap, and the Magistrate Judge recommends that the District Court **DENY** Defendant Beardall's motion to suppress the unlawfully obtained wiretap evidence and for a *Franks* hearing.

B.      Search Warrant

At oral argument, Defendant Beardall extended his request to join Defendant Renzi's motion to suppress the evidence obtained from the offices of Patriot Insurance. The Fourth Amendment ensures that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A person has standing to sue for a violation of this particular "right of the people" only if there has been a violation "as to him," personally. *Mancusi v. DeForte*, 392 U.S. 364, 367 (1968). Fourth Amendment standing, unlike Article III standing, "is a matter of substantive [F]ourth [A]mendment law; to say that a party lacks [F]ourth [A]mendment standing is to say that his reasonable expectation of privacy has not been infringed." *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir.1991). This follows from the Supreme Court's famous observation that the Fourth Amendment "protects people, not places," *Katz v. United States*, 389 U.S. 347, 351 (1967).

To show the government has violated his Fourth Amendment rights, an individual must have "a legitimate expectation of privacy in the invaded place," *United States v.*

*Crawford*, 323 F.3d 700, 706 (9th Cir.2003) (internal quotation marks and citations omitted). Defendants must demonstrate "a subjective expectation of privacy in the area searched, and their expectation must be one that society would recognize as objectively reasonable." *United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir.1999). While individuals may have a "reasonable expectation of privacy against intrusions by police" into their offices, *O'Connor v. Ortega*, 480 U.S. 709, 716 (1987)(internal quotation marks and citations omitted), commercial property "is treated differently for Fourth Amendment purposes from residential property." *Minnesota v. Carter*, 525 U.S. 83, 90 (1998) (plurality opinion); *see also New York v. Burger*, 482 U.S. 691, 700 (1987) ("An expectation of privacy in commercial premises ... is different from, and indeed less than, a similar expectation in an individual's home."). But, unlike the nearly absolute protection of a residence, the "great variety of work environments" requires analysis of reasonable expectations "on a case-by-case basis." *Id.* at 718.

The Ninth Circuit has held that to determine if a defendant has standing to challenge a search of workplace areas beyond his own internal office, the defendant "must generally show some personal connection to the places searched and the materials seized." *United States v. SDI Future Health, Inc.,* 568 F.3d 684, 694 -699 (9th Cir. 2009). Specifically, the court should determine the strength of such personal connection with reference to the following factors: (1) whether the item seized is personal property or otherwise kept in a private place separate from other work-related material; (2) whether the defendant had custody or immediate control of the item when officers seized it; and (3) whether the defendant took precautions on his own behalf to secure the place searched or things seized from any interference without his authorization. *Id.* Absent such a personal connection or exclusive use, a defendant cannot establish standing for Fourth Amendment purposes to challenge the search of a workplace beyond his internal office. *Id.*

The Magistrate Judge finds that Defendant Beardall has not alleged any facts demonstrating a personal connection or exclusive use of anything seized pursuant to the search warrant. Defendant Beardall has submitted an affidavit (Sealed Doc. No. 335) stating

that he resigned as President of Patriot Insurance on December 31, 2003. While he continued to handle legal services to both Patriot Insurance, and Defendant Renzi, he has not alleged that he was an employee of Patriot Insurance at the time of the search warrant was executed, nor that he had any personal or exclusive use of any property seized pursuant to the warrant.

Accordingly, Defendant Beardall has no standing to challenge any evidence obtained pursuant to the search warrant at issue in this case, and the Magistrate Judge recommends that the District Court DENY Defendant Beardall's motion to suppress the unlawfully obtained search warrant evidence and for a *Franks* hearing.

## II. RECOMMENDATION

Accordingly, the Magistrate Judge recommends that the District Judge enter an order **DENYING** Defendant Beardall's motion to suppress unlawfully obtained wiretap evidence and for a Franks hearing (Doc. No. 114) and **DENYING** his oral motion to join in Defendant Renzi's motion to suppress unlawfully obtained wiretap and search warrant evidence and for a Franks hearing (Doc. No. 88).

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. **Any objections filed should be filed as CR 08-00212-TUC-DCB.**

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

DATED this 16th day of April, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge