WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,　　　　　　　) | |
| 　　　　　　Plaintiff,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | CR 08-212 TUC DCB |
| v.　　　　　　　　　　　　　　　　　) | **AMENDED O R D E R** |
| Richard Renzi, James Sandlin, Andrew Beardall,) | |
| and Dwayne Lequire,　　　　　　　　) | |
| 　　　　　　Defendants,　　　　　　　) | |

On April 13, 2010, the Honorable Bernardo P. Velasco, United States Magistrate Judge, filed a Report and Recommendation (R&R) pertaining to Defendants Renzi and Beardall's motions to dismiss the insurance counts. (R&R (doc. 626) (Motions to Dismiss (docs. 100, 112, 265, 270)). The insurance counts 28, and 33 through 35, charge that Renzi and Beardall made false statements to influence insurance regulatory investigations (counts 33-35) and conspired to commit insurance fraud (count 28). The Government alleges that they conspired to embezzle and misappropriate client premiums from Renzi and Company insurance agency to fund Renzi's congressional campaign and to conceal the misappropriation of those funds, and made false statements to insurance regulatory agencies.

Counts 33 through 35 are based on alleged violations of 18 U.S.C. § 1033(a)(1), which prohibits making false material statements or reports "in connection with any financial reports or documents presented to any insurance regulatory official or agency. . . ." Section 1033(a)(1)(B) requires that these statements be "for the purpose of influencing the actions" of the regulatory official or agency. (R&R at 6.)

In Count 33 of the Second Superceding Indictment (SSI) the allegedly false statements made by Defendants were contained in a letter sent to insured entities in Texas, which noted the existence of an insurance investigation into non-payment of premiums to secure Safeco coverage and falsely claimed that the insured's liability coverage had been moved to "companies that will better represent your needs." (R&R at 6 (citing SSI ¶ 64)). Magistrate Judge Velasco recommended granting the motions to dismiss as to count 33 because it is "undisputed that, as to Count 33, the Defendants did not present anything to insurance regulators; rather they are alleged only to have made allegedly false statements to insurance customers." *Id.* at 8. The Magistrate Judge rejected as "too attenuated" and "expansive" the Government's argument "that defendants attempted to influence 'irate customers' in order to 'influence the actions' of insurance regulators." *Id.* The Magistrate Judge found "that Count 33 fails to allege the essential elements necessary to establish a violation under 18 U.S.C. § 1033(a), specifically, the indictment fails to allege that the false statement was presented to an insurance regulatory official or agency." *Id.*

The Defendants also challenge the false statements alleged in counts 33 through 35, which include the statements in the Texas mailing alleged in count 33 and a letter to the Virginia Bureau of Insurance, and a letter to the Florida Department of Insurance. Defendants argue the false statements were not made in connection with financial reports or documents. The Magistrate Judge recommended that this question be decided by the jury, *id.* at 9, because counts 28, and 33 through 35 adequately allege false statements made in connection with financial reports and documents.

Specifically, the Magistrate Judge found as follows:

> The letters by Renzi and Beardall allegedly provided false financial information to the insurance regulators in direct response to the submission of complaints of withheld premiums by NIF to state insurance regulators. As the Government states, in the context of regulatory investigations into a fiscal issue, that is the non-payment of premiums, these documents are definitively financial in nature. Correspondence with respect to Defendant Renzi's embezzlement of insurance premiums and the misstatements by Defendant Beardall and Renzi of both the financial position of the company and the safety and security of the insureds fits within Congress' broad intent to protect against 'insurance insolvency.'

*Id.* at 10.

Accordingly, the Magistrate Judge recommended granting the motions to dismiss only as to count 33 for failing the presentment requirements of § 1033(a)(1)(A) and denying the motions to dismiss counts 28, and counts 34 through 35 of the SSI.

Defendant Beardall's motion to dismiss also included the argument that the attorney-client privilege between Defendant Renzi and himself obstructs his constitutional right to present a defense, which the Magistrate Judge correctly noted has been considered and ruled on by this Court's severance Order issued on February 18, 2010. (Doc. 575.)

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b), they had 14 days to file written objections. *See also,* Federal Rule of Criminal Procedure 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court considers the R&R to be thorough and well-reasoned; it is neither clearly erroneous nor contrary to law. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989). It shall, therefore, be accepted pursuant to 28 U.S.C. § 636(b)(1). The Court adopts

/////

/////

/////

it, and for the reasons stated in the R&R, the Court denies Defendants Renzi and Beardall's motions to dismiss the insurance counts.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (doc. # 626) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions to dismiss the insurance counts (docs. 100,112,265,270) are GRANTED IN PART as to Count 33 and DENIED IN PART as to counts 28, and 34 through 35.

**IT IS FURTHER ORDERED** that Defendant Beardall's motion to dismiss on grounds of attorney-client privilege because he was Defendant Renzi's attorney is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b). Fed. R. Crim. P. 59(b), and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 14th day of May, 2010.

David C. Bury
United States District Judge