IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Richard G. Renzi, James W. Sandlin, Andrew Beardall, and Dwayne Lequire,<br><br>　　　　　Defendants. | No. CR 08-212-TUC-DCB-(BPV)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Richard Renzi's motion to dismiss the indictment for separation of powers violations (Doc. 111).

The Magistrate Judge having considered the briefing, arguments and exhibits presented recommends that the District Court enter an order DENYING the motion to dismiss the indictment (Doc. 111).

**I.　PROCEDURAL HISTORY**

Pending before the Court is Defendant Renzi's motion to dismiss the indictment for separation of powers violations (Doc. 111), with attached exhibits A-R (Docs 111-3). The Government has filed a response to the motion (Doc. 137) and a reply has been filed by Renzi (Doc. 170).

A first superseding indictment was filed on November 13, 2008, and Renzi's arguments were incorporated and applied to the superseding indictment. (Docs. 268, 304.) The Magistrate Judge heard argument on the motion on December 5, 2008, and took the matter under advisement.

Thereafter, the Government filed a first (Doc. 178) and second superseding indictment (SSI) (Doc. 466). The parties were directed to file supplemental briefing addressing the relevancy, if any, that the filing of the SSI had on any matter under advisement before the Magistrate Judge. (Doc. 479) The supplemental briefs were filed by both parties indicating no impact on the arguments raised in support of or opposition to the motion to dismiss. (Docs. 511, 513)

**II.     MOTION TO DISMISS: SEPARATION OF POWERS VIOLATIONS (DOC. 111)**

Defendant argues that the Court may exercise its supervisory powers to dismiss an indictment as a remedy for violations of a recognized statutory or constitutional right; to preserve judicial integrity, or to deter future illegal conduct. In this case, Renzi asserts that the improper actions of the Executive Branch during this investigation violated fundamental separation of powers principles by 1) violating the Speech or Debate Clause; and 2) undermining the legitimacy and independence of the legislative branch.

The Government responds that this motion, for the most part, consists of issues Renzi raises in other motions, and, based on its response to those other motions, should be denied.

Though dismissal of an indictment is considered a "drastic step" and is generally

disfavored, *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (quoting *United States v. Rogers*, 751 F.2d 1074, 1076-77)(9th Cir. 1985)) *see also United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir.1988) (describing dismissal of an indictment as a "disfavored" and "drastic" remedy), a court may, in its discretion, exercise its supervisory powers to dismiss an indictment on the ground of outrageous governmental conduct, even if that conduct does not rise to the level of a due process violation. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991) (citing *United States v. Simpson*, 813 F.2d 1462, 1464-65 (1987) (*Simpson I*) and *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991)(*Simpson II*)). A court's supervisory power may be exercised "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *Id*. A court's supervisory powers are not limited to just these three areas, however.[1]

---

[1] In *Barrera-Moreno*, the Ninth Circuit limited the use of a Court's exercise of its supervisory powers to dismiss to these three grounds delimited by the Supreme Court in *United States v. Hasting*, 461 U.S. 499, 505 (1983). *Barrera-Moreno*, 951 F.2d at 1091 (citing *Simpson II,* 927 F.2d at 1090). The Ninth Circuit has more recently acknowledged, however, that the legitimate exercise of a court's inherent powers is not limited to these three areas, and rejected previous circuit law that reads *Hasting* as so limiting. *United States v. W.R. Grace*, 526 F.3d 499, 511 n.9 (9th Cir. 2008).

"A court may dismiss an indictment under its supervisory powers only when the defendant suffers 'substantial prejudice,' *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir.1988), and where 'no lesser remedial action is available,' *Barrera–Moreno*, 951 F.2d at 1092." *United States v. Chapman,* 524 F.3d 1073, 1087 (9th Cir. 2008); *see also United States v. Tucker*, 8 F.3d 673, 674-75 (9th Cir.1993) (*en banc*) (describing prejudice as "a trigger to the exercise of supervisory power"); *United States v. Venegas*, 800 F.2d 868, 869 (9th Cir. 1986); *United States v. Ross*, 372 F.3d 1097, 1110 (9th Cir. 2004); Fed.R.Crim.P. 52(a); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255-56 (1988) ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant.") That burden has not been met here; in fact, though Renzi relies almost entirely upon the holding in *Chapman* as controlling authority in support of dismissal of the indictment under this Court's supervisory powers, Renzi disingenuously fails to even allude to the prejudice requirement which was clearly set forth in *Chapman*. Neither does Renzi address the possibility of "lesser remedial actions." The Magistrate Judge finds, for this reason alone, that the motion is not well taken, and recommends to the District Court that it should be denied. The Magistrate Judge will, however, address the merits of each argument raised in the motion.

Renzi asserts that, among other things, "the Department of Justice unconstitutionally obtained and used materials protected by the Speech or Debate Clause, improperly influenced a hotly contested Congressional election, unconstitutionally obtained and used materials protected by the attorney-client privilege, and took

investigative actions that appear to have been timed to promote the Department's political interests." (Doc 111, at 3) Renzi acknowledges that these violations were the grounds for other motions filed before the Court, however, the Court should examine the Government's conduct in its totality, because only then does it become clear "that the Executive Branch engaged in conduct that is inimical to the separation of powers doctrine." Renzi argues that the only appropriate remedy for these violations and the Government's misconduct is dismissal of the indictment. (*Id.*)

The Court first considers an argument Renzi raises in his memorandum and for which this Court finds no support; that the Court should consider the two specific instances of misconduct asserted in the motion -- Speech or Debate Clause violations and electioneering – both in totality and in the context of other violations not specifically argued in this motion but raised in separately filed motions, including unlawful monitoring of attorney-client privileged and non-pertinent phone calls, and misleading statements made to the Court in order to secure a Title III wiretap and search warrant. (Doc. 111, p. 2) Renzi provides no case law in support of such a contention and this Court finds none. Such an argument would seem incongruous with guidelines which instruct the Court to consider whether a defendant has in fact been prejudiced and, if so, to consider the formulation of narrowly tailored, lesser remedial actions. To illustrate[2],

---

[2] The Magistrate Judge refers to Defendant's Motion to Dismiss Indictment Based on the Government's Unlawful Recording of Privileged Counsel Call (Doc. 87) to demonstrate the illogicality of Defendant's approach. The Magistrate Judge, however, finds no factual support in either Defendant's motion to dismiss, in which the Court specifically declined to invoke it's inherent supervisory powers, or in the Defendant's Motion to Suppress Unlawfully Obtained Wiretap and Search Warrant Evidence (Doc.

the District Court previously declined to exercise its supervisory powers to dismiss the indictment or to disqualify the prosecutorial or investigative teams, adopting this Court's Report and Recommendation finding that Defendant had not, and would not, suffer substantial prejudice as a result of the Government's unreasonable interception of privileged counsel calls and failure in its duty of candor to the Supervising Court, as well as its failure to seal attorney-client calls it inadvertently intercepted. (Doc. 696) The Court determined that the appropriate remedial action, including sanctions for the Government's unreasonable violation of Title III and the Fourth Amendment, was suppression of all evidence obtained by the wiretap. It would make little sense for the District Court having already found only unreasonable conduct and no prejudice to Defendant, and having declined to invoke its supervisory powers in that motion, to now reconsider all these same factors as somehow additive to the conduct at issue in this motion.

Next, the Court considers Renzi's argument that dismissal is warranted under the Court's inherent supervisory powers for violations of the Speech or Debate Clause. Though this motion is filed at the same time as Renzi's separately filed motions to dismiss and to suppress for violations of the Speech or Debate Clause, this is essentially Renzi's second or third bite at the Speech or Debate apple. Because all of the violations addressed in this motion have been adequately addressed by this Court and the District Court, and, where violations have been found, adequate remedies fashioned, there is no

---

88), in which this Court specifically found that the Defendant failed to make a showing of either intentional or reckless inclusions of a false statements or omissions in the affidavits submitted in support of the Title III wiretap and search warrant application.

need for the Court to exercise its inherent supervisory powers to dismiss the indictment. To the extent that Renzi challenged the presentation of legislative act evidence to the grand jury, the District Court found, and the Ninth Circuit upheld the finding, that the protected acts either did not cause the grand jury to indict, *i.e.,* Renzi was not prejudiced by the conduct, or the error Renzi attributed to the Government's presentation of legislative acts did not occur. (See *United States v. Renzi*, 651 F.3d 1012, 1031 (9th Cir. 2011), *petition for cert. filed,* (October 31, 2011)(No. 11-557). To the extent that prejudice could be ascribed to the use of protected materials at trial, the Court has already addressed that matter with the lesser remedial remedy of exclusion, to be accomplished at trial. To the extent Renzi could be prejudiced by Speech or Debate material obtained through the wiretap, all evidence obtained through the wiretap has been suppressed. Dismissal is appropriate only when the investigatory or prosecutorial process has violated a federal constitutional or statutory right *and no lesser or remedial action is available*. *Barrera-Moreno*, 951 F.2d at 1092 (emphasis added). "For example, a Fourth Amendment violation may properly result in dismissal if the violation is not adequately remedied by application of the exclusionary rule." *Id*. (citing *Simpson II,* 927 F.2d at 1090 n.1) (deliberately misleading affidavit to establish need for wiretap cured by suppression of evidence). Accordingly, finding no substantial prejudice in the presentation of Speech or Debate material to the grand jury, and no other demonstration of prejudice that will not be remedied through actions contemplated by the District Judge's order (doc. 574), the Magistrate Judge recommends that the District Court

decline to exercise its supervisory powers to dismiss the indictment on these grounds.

Finally, Renzi asserts his political career was influenced by the Department of Justice's actions in this case through media leaks and the timing of searches conducted of Renzi's family business. The Government, in oral argument, conceded that leaks in fact occurred[3], that some of them, particularly the leak regarding the wiretap and the sealed indictment, were, if leaked by law enforcement, not only government misconduct, but contemptuous, and potentially criminally punishable. (Reporter's Transcript, December 5, 2008, p. 122, 127) Renzi, however, fails to assert or demonstrate any prejudice to this case as a result of any of these actions. Supervisory powers may not be invoked absent a substantial showing of prejudice. *Chapman,* 524 F.3d at 1087; Fed.R.Crim.P. 52(a); *Bank of Novia Scotia v. United States*, 487 U.S. 250, 255-56 (1988) ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant.") Moreover, in the absence of a constitutional or statutory violation, Courts do not have the authority to supervise out-of-court executive procedure. *Barrera-Moreno,* 951 F.2d at 1092 (citing *Simpson II*, 927 F.2d at 1090).

## V.  RECOMMENDATION

Accordingly, the Magistrate Judge recommends that the District Judge DENY the motion to dismiss (Doc. 111).

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal

---

[3] The Government did not concede that evidence of a grand jury leak by the Government was demonstrated. This Court agrees that no prima facie Rule 6(e) violation was demonstrated. (See Doc. 931)

Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **Any objections filed should be filed as CR 08-00212-TUC-DCB.**

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

Dated this 12th day of December, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge