WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

v.

Richard G. Renzi, James W. Sandlin, and Dwayne Lequire,

    Defendants,

CR 08-212 TUC DCB (BPV)

**O R D E R**

    The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant Renzi's "Motion for an Order to Show Cause Why the Government Should not be Held in Contempt for Violations of Federal Rule of Criminal Procedure 6(e)."

## MAGISTRATE JUDGE'S RECOMMENDATION

    On November 21, 2011, Magistrate Judge Bernardo P. Velasco issued the R&R. (Doc. 931.) The Magistrate Judge recommends the Court should find Defendant Renzi has failed to establish a *prima facie* case that the Government leaked grand jury matters to the press in violation of Fed. R. Cr. P. 6(e). Therefore, the Court need not conduct further inquiry into the possible breach of the grand jury secrecy rule.

## STANDARD OF REVIEW AND CONCLUSION

    The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also

1 receive further evidence or recommit the matter to the magistrate judge with instructions."
2 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)(C)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court has considered the Objection filed by Defendant Renzi,[1] the Government's Response, and the parties' briefs considered by the Magistrate Judge in respect to the Motion to Dismiss to Dismiss: Separation of Powers.

## OBJECTIONS

Defendant Renzi reurges his request for a show cause hearing. He complains that the R&R draws too narrow a definition of what constitutes matters occurring before the grand jury. At a minimum, Defendant Renzi seeks an opportunity to review documents considered by the Magistrate Judge *in camera* and to file supplemental briefing regarding the alleged violation of Rule 6(e).

---

[1] Defendant Sandlin filed an Objection, but failed to raise any arguments in opposition to the R&R. He asks the Court to note his Objection to preserve his constitutional and jurisdictional rights. (Doc. 939.) It is this Court's position that the Objection filed by Defendant Sandlin does not meet the standards required for a *de novo* determination of issues or to preclude waiver pursuant to 28 U.S.C. § 636(b)(1)(C)) and Fed. R. Civ. P. 72.

1    Defendant Renzi characterizes the scope of grand jury secrecy as necessarily broad,
2 with Rule 6(e) being violated whenever the government releases materials that
3 "'compromise the integrity of the grand jury process.'" (Objection at 3 (quoting *Anaya v.*
4 *United States*, 815 F.2d 1373, 1378 (10 Cir. 1987)). The Government counters that the
5 Ninth Circuit has a narrow definition for grand jury matters. (Response at 2 (quoting *e.g.,*
6 *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412 and n. 2 (9th Cir. 1993)).

7    Without characterizing the scope of the matter as either broad or narrow, the
8 Magistrate Judge explained that Rule 6(e) protects "'the essence of what takes place in the
9 grand jury room, in order to preserve the freedom and integrity of the deliberative process.'"
10 (R&R at 4 (quoting *In re Grand Jury Subpoena*, 920 F.2d 235, 241 (4th Cir. 1990)). To
11 protect the secret aspect of the inner workings of the grand jury, Rule 6(e) applies to direct
12 and indirect disclosures which reveal what occurred before the grand jury and which foretell
13 the future course of conduct to be taken by the grand jury such as the identities of persons
14 who will be called to testify, but does not extend to information obtained from a source
15 independent of the grand jury proceedings. (R&R at 4-7.)

16    Before the Court calls a show cause hearing, the Defendant must establish a *prima*
17 *facie* violation. When a Rule 6(e) violation is based on a news report, the Court looks to
18 whether the report discloses "matters occurring before the grand jury" and if it does, the
19 Court considers whether the report indicates that the source of the information includes
20 government attorneys. (R&R at 3-4)

21    The Court finds that the Magistrate Judge conducted the proper analysis for each
22 alleged media report asserted by Defendant Renzi to involve the disclosure of a matter
23 occurring before the grand jury. (R&R at 8-12.)

24    The only article disclosing any matters arguably occurring before the grand jury is
25 *Deal Breaker: Land-Swap Plan Causes Trouble for Congressman: Mr. Renzi Offers Field to*
26 *Mining Companies; Grand Jury is Active,* in the Wall Street Journal on April 21, 2007. The
27 article reflected that "according to witnesses and others close to the case," Renzi's chief of
28 staff had resigned and was cooperating with the FBI; that the investigation had become a

- 3 -

formal public-corruption probe by a federal grand jury in Tucson, and the grand jury had authorized a search warrant of Renzi's family business. Assuming these statements reflected matters occurring before the grand jury, Defendant Renzi nevertheless fails to make a *prima facie* case for a show cause hearing. There is no evidence in this article, not even when considered collectively with the other articles, to suggest the source of the disclosures was a government official or attorney. The Court agrees with the Magistrate Judge's conclusion that misinformation in the disclosures suggests otherwise. For example, the Grand Jury was sitting in Phoenix, not Tucson, and grand juries do not issue search warrants, they issue subpoenas. (R&R at 12-15.) The disclosures contained in this article are not of a type that could only come from a prohibited source. They "could have come from a preliminary FBI investigation, from witnesses who were interviewed on matters occurring before the grand jury, [therefore] [] the information requires a rather direct attribution to a prohibited source to establish a *prima facie* violation."  (R&R at 16.)

The Court agrees with the Magistrate Judge: "In this case, too many inferences can be drawn from the phrase 'others close to the case' to attribute these statements to government attorneys without further support in the article for drawing such an inference." *Id.* After reviewing all of the news articles, considered separately and collectively, only the above article disclosed matters arguably occurring before the grand jury and this disclosure was not attributable to a government official or attorney. Therefore, the Defendant failed to demonstrate a *prima facie* Rule 6(e) violation.

The Court also denies Defendant Renzi's request for the disclosure of the documents reviewed *in camera* by the Magistrate Judge and further briefing. The Magistrate Judge requested the Government file *ex parte* an FBI internal investigation into leaks and other specific information relevant to the grand jury impanelment. He did not cite to or otherwise reference these documents, except to note that the Grand Jury was not empaneled in Tucson, but was empaneled in Phoenix at the time of the April 2007 Wall Street Journal article. The Government objects to disclosure of this sensitive information, especially its internal investigation report, and the Defendant makes no showing of a particularized need for the

- 4 -

1  grand jury materials.  The Court denies the request for disclosure and further briefing, especially given the complete failure on the merits of the Motion for an Order to Show Cause for Rule 6(e) violations.

## CONCLUSION

After *de novo* review of the issues raised in Defendant Renzi's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion for an Order to Show Cause.  The Court adopts it, and for the reasons stated in the R&R, the Court denies the Motion for an Order to Show Cause.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's Objection, the Magistrate Judge's Report and Recommendation (Doc. 931) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Order to Show Cause why the Government Should not be Held in Contempt for Violations of Fed. R. Cr. P. 6(e) (Doc. 94) is DENIED.

DATED this 26th day of March, 2012.

David C. Bury
United States District Judge