Kelly B. Kramer (*Pro Hac Vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC  20006
Telephone:  (202) 263-3000
Facsimile:  (202) 263-5207
kkramer@mayerbrown.com

Chris Niewoehner (*Pro Hac Vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902
cniewoehner@steptoe.com

Attorneys for Defendant Richard G. Renzi

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:08-cr-00212-TUC-DCB |
| Plaintiff, | **UNOPPOSED MOTION OF RICHARD G. RENZI TO TERMINATE SUPERVISED RELEASE** |
| vs. | |
| RICHARD G. RENZI, | |
| Defendant. | |

Defendant  Richard G. Renzi, by and through counsel, respectfully requests that this Court terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Rule 32.1(c) of the Federal Rule of Criminal Procedure.  Undersigned counsel has conferred with both the U.S. Attorney's Office and the Probation Office regarding this motion.  Neither Office opposes Mr. Renzi's request.

In support of this motion, the Defendant states as follows:

1. On October 28, 2013, following a jury trial, this Court sentenced Mr. Renzi to a 36-month term of imprisonment to be followed by a 36-month term of supervised release.

2.	On January 7, 2017, upon his release from incarceration, Mr. Renzi began serving his term of supervised release. Accordingly, Mr. Renzi has now completed two years of supervision—one year more than is required to move for termination of supervised release, *see* 18 U.S.C. § 3583(e)(1). During those two years, Mr. Renzi has satisfied all of the terms of his release: he has no outstanding fines, special assessments, or restitution obligations; he has reintegrated himself into society; he has had no new contacts with law enforcement; he has reported as required to his Probation Officer; and he has otherwise complied with the terms of his release. Indeed, since pre-trial supervision began nearly 11 years ago, Mr. Renzi has complied fully with any and all conditions.

3.	By statute, this Court may terminate supervised release if it "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court thus enjoys "broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). Against this background, the Sentencing Guidelines encourage district courts to "exercise [their] authority [to terminate supervision early] in appropriate cases." U.S.S.G. § 5D1.2, n. 5.

4.	In determining whether to terminate supervised release, this Court must consider certain sentencing factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, to protect the public, or to provide the defendant with needed services; the kinds of sentences available under the Guidelines; any pertinent policy statement issued by the Sentencing Commission; and the need to avoid disparate sentences. *See* 18 U.S.C. § 3583(e)(1) (incorporating certain § 3553(a) factors by reference). Here, in light of his personal characteristics, his post-release conduct, his reintegration into society, and, in particular, the lack of any need for ongoing supervision, Mr. Renzi respectfully requests that this Court exercise its discretion to terminate his remaining term of supervised release.

1      5.    No hearing on this motion is required because the government does not oppose the relief requested.  *See* Fed. R. Crim. P. 32.1(c)(2).

    WHEREFORE, for the foregoing reasons, Mr. Renzi respectfully requests that this Court terminate his supervised release and order him discharged.

    DATED this 7th day of January, 2019.

                                  Respectfully submitted,

                                  */s/ Kelly B. Kramer*
                                  Kelly B. Kramer (*Pro Hac Vice*)
                                  MAYER BROWN LLP
                                  1999 K Street, NW
                                  Washington, DC  20006
                                  Telephone:  (202) 263-3000

                                  and

                                  Christopher Niewoehner (*Pro Hac Vice*)
                                  STEPTOE & JOHNSON LLP
                                  1330 Connecticut Avenue, NW
                                  Washington, DC  20036
                                  Telephone:  (202) 429-3000

                                  *Attorneys for Defendant Richard G. Renzi*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2019, a true and correct copy of the foregoing pleading was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filings.

Dated: January 7, 2019

By: */s/ Kelly B. Kramer*